In re:

Michele R. Oyler

Debtor

Chapter 13
Case Number: 18-30762-dof
Honorable Daniel S. Opperman

_____/

**STIPULATION FOR ENTRY OF ORDER ALLOWING DEBTOR TO ENTER INTO A TRIAL MORTGAGE LOAN MODIFICATION AND AUTHORIZING THE CHAPTER 13 TRUSTEE TO DISBURSE TRIAL PERIOD PAYMENTS**

NOW COMES Debtor, Michele R. Oyler, by and through her attorney, John Z. Kallabat, and the Chapter 13 Standing Trustee, Carl L. Bekofske, hereby stipulate to entry of an Order Allowing Debtor to Enter Info a Trial Mortgage Loan Modification and Authorizing the Chapter 13 Trustee to Disburse Trial Period Payments in the form attached as Exhibit "A",

**IT IS HEREBY AGREED** that:

1. The parties and terms of the proposed modification include:

    Mortgage Creditor/Servicer: Fay Servicing, LLC
    Borrower Name: Michele R. Oyler
    Property Address: 2803 Laurel Ridge Lane, Howell, MI 48843
    Mortgage Account No. Ending: 4272
    Proposed Modified Trial Payments: 3
    Trial Payments in the amount of $1,170.78
    First Trial Payment Due: December 1, 2018

2. The Chapter 13 Trustee shall disburse three (3) trial payments to Debtor's Mortgage Creditor in the amount of $1,170.78 as follows:

    a. First and Second Trial Payment due December 1, 2018 and January 1, 2019: The Trustee shall disburse this payment from available funds upon entry of this Order as soon as funds become available thereafter.

    b. Third Trial Payment due February 1, 2019: The Trustee shall disburse this payment from available funds on February 1, 2019 or as soon as funds become available thereafter.

The Trustee's disbursements shall be made payable to Fay Servicing, LLC and shall be mailed to the Creditor at the following address:

        **Fay Servicing LLC**
        **PO Box 88009**
        **Chicago, IL 60680-1009**

3. The Chapter 13 Trustee is authorized to continue the post-trial period within the Trustee's regular disbursement cycle to the Creditor in the amount of the Trial Payment consistent with the terms provided until further order of the Court. In the event the final modification is denied or the terms are altered, the creditor's right to object to the amount of its continuing monthly payment is preserved.

4. Within 28 days of the last payment under the trial modification, the Debtors must advise the Chapter 13 Trustee whether the modification was made permanent continued or denied and provide proof of the terms of the implementation or denial of a final modification.

5. If the Loan Modification is made permanent, the Creditor is to either file amendments to the Creditor's claim to reflect the proposed changes to the mortgage payment and treatment of the pre-petition arrearages claim or if the Creditor does not file the amendments, the Debtors shall amend the Plan addressing the modifications of the claim consistent with the terms of the final loan modification.

6. Within 7 days of the entry of this order, Debtor's counsel shall serve a copy of the order on the Mortgage Creditor. Service on the Mortgage Creditor shall be by mail to the payment address listed above, at the address listed for notice in the Creditor's proof of claim and any other address where Creditor has specifically requested notice.

| | |
|---|---|
| /s/ Carl L. Bekofske | /s/ John Z. Kallabat |
| Carl L. Bekofske (P10645) | John Z. Kallabat (P49891) |
| Chapter 13 Standing Trustee | Attorney for Debtor |
| 400 N. Saginaw St., Ste 331 | Kallabat & Associates, P.C. |
| Flint, MI 48502 | Farmington Hills, MI 48334 |
| 810-238-4675 | 248-647-6611 |

Date: January 21, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Michele R. Oyler

       Debtor

Chapter 13
Case Number: 18-30762-dof
Honorable Daniel S. Opperman

_____/

**ORDER ALLOWING DEBTOR TO ENTER INTO A TRIAL MORTGAGE LOAN MODIFICATION AND AUTHORIZING THE CHAPTER 13 TRUSTEE TO DISBURSE TRIAL PERIOD PAYMENTS**

This matter comes before the Court upon Stipulation of the parties; the Debtor, Michel R. Oyler, by and through her attorney, John Z. Kallabat, and the Chapter 13 Trustee having agreed to approve the trial modification as follows and the Court being otherwise fully advised of the said premises;

**IT IS HEREBY ORDERED** that the parties and terms of the proposed modification include:

Mortgage Creditor/Servicer: <u>Fay Servicing, LLC</u>
Borrower Name: <u>Michele R. Oyler</u>
Property Address: <u>2803 Laurel Ridge Lane, Howell, MI 48843</u>
Mortgage Account No. Ending: <u>4272</u>
Proposed Modified Trial Payments: <u>3</u>
Trial Payments in the amount of <u>$1,170.78</u>
First Trial Payment Due: <u>December 1, 2018</u>

**IT IS FURTHERED ORDERED** that the Chapter 13 Trustee shall disburse three (3) trial payments to Debtor's Mortgage Creditor in the amount of <u>$1,170.78</u> as follows:

a. <u>First and Second Trial Payment due December 1, 2018 and January 1, 2019</u>: The Trustee shall disburse this payment from available funds upon entry of this Order as soon as funds become available thereafter.

b. <u>Third Trial Payment due February 1, 2019</u>: The Trustee shall disburse this payment from available funds on February 1, 2019 or as soon as funds become available thereafter.

The Trustee's disbursements shall be made payable to Fay Servicing, LLC and shall be mailed to the Creditor at the following address:

      **Fay Servicing LLC**
      **PO Box 88009**
      **Chicago, IL 60680-1009**

**IT IS FURTHER ORDERED** that the Chapter 13 Trustee is authorized to continue the post-trial period within the Trustee's regular disbursement cycle to the Creditor in the amount of the Trial Payment consistent with the terms provided until further order of the Court. In the event the final modification is

denied or the terms are altered, the creditor's right to object to the amount of its continuing monthly payment is preserved.

**IT IS FURTHER ORDERED** that within 28 days of the last payment under the trial modification, the Debtors must advise the Chapter 13 Trustee whether the modification was made permanent continued or denied and provide proof of the terms of the implementation or denial of a final modification.

**IT IS FUTHER ORDERED** that if the Loan Modification is made permanent, the Creditor is to either file amendments to the Creditor's claim to reflect the proposed changes to the mortgage payment and treatment of the pre-petition arrearages claim or if the Creditor does not file the amendments, the Debtors shall amend the Plan addressing the modifications of the claim consistent with the terms of the final loan modification.

**IT IS FURTHER ORDERED** that within 7 days of the entry of this order, Debtor's counsel shall serve a copy of the order on the Mortgage Creditor. Service on the Mortgage Creditor shall be by mail to the payment address listed above, at the address listed for notice in the Creditor's proof of claim and any other address where Creditor has specifically requested notice.